# Exhibit A – Liquidation Analysis

## Current

As filed the Debtor's schedules reflect total property value of $148,193.33 with this amount being fully secured by the SBA loan at POC No. 3. Any incidental unsecured property would be subject to the priority claim of the IRS at POC No. 2 in the amount of $87,434.35 leaving $0 available to unsecured claims.

## Potential Fraudulent Transfer Recovery

It is the Debtor's understanding the United States Trustee's Office (UST) believes properties bought by the Debtor as well as other transfers that occurred between the Debtor and Stilla Bleu and Sharie McDonald and Mark Hleblichuk may be recoverable through a fraudulent transfer action in a Chapter 7 setting. The Debtor will present possible outcomes of such action below. While the UST may believe other assets or transfers could be subject to such action the Debtor contends the primary assets not subject to arguments such as – legitimate business expense, legitimate loan repayment, and/or fair compensation – would include:

302 and 304 Main with a combined value of $582,100.00, and

The 2017 Dodge Ram and 2021 Jeep Wrangler with a combined value of $49,737.00

*Situation 1, Conversion to a Chapter 7 with SBA asserting claim under 18 U.S.C. § 981*

In the first scenario should the case be converted to a Chapter 7 proceeding all current assets of the business would be subject to the existing UCC lien held by the SBA and any potential fraudulent transfer action by the Chapter 7 Trustee would be negated by the SBA seeking criminal charges and a civil forfeiture claim pursuant to 18 U.S.C. § 981. (See generally USA v. Wahl, 9:22-cr-00058 District of Montana.) The forfeiture claim would likely include 302 and 304 Main and the vehicles leaving an insolvent estate and **$0 available to unsecured claims. It is the Debtor's position that this is the likely outcome of a conversion.**

*Situation 2, Conversion to a Chapter 7 with recovery of Fraudulent Transfers*

In this scenario the case is converted to a Chapter 7 proceeding and the Trustee is able to recover 302 and 304 Main as well as the vehicles in a Fraudulent Transfer Action. (All amounts are rounded to the nearest dollar.)

| | |
|---|---:|
| Debtor's Personal Property | $148,193.00 |
| - SBA Secured Claim | $148,193.00 |
| Available to Unsecured Claims | $0.00 |
| 302 and 304 Main | $582,100.00 |
| - Realtor fee | $34,926.00 |
| - Secured claim | $145,000.00 |
| Recovered funds | $402,174.00 |
| | |
| Vehicles | $49,737.00 |
| - Cost of Sale 8% | $3,979.00 |
| Recovered funds | $45,758.00 |
| | |
| Total Recovered Funds | $447,932.00 |
| subject to disbursement | |
| - Chapter 7 Trustee Fee | $25,646.00 |
| - Trustee Counsel[1] | $149,310.00 |
| - Accountant and cost (est.) | $5000.00 |
| - IRS Priority Claim | $87,434.00 |
| - Admin claim of Sub V Trustee and Debtor's Counsel | $15,000.00 |
| | |
| Total funds available to unsecured claims | $165,542.00 |

---

[1] It is assumed the Chapter 7 Trustee will hire counsel to pursue the fraudulent recovery action. Since this estate has no available cash that is not subject to the SBA security agreement it is assumed the attorney for the Trustee would be hired on a contingency fee basis similar to In re Williams 9:22-bk-90147 in which case the attorney fee agreement called for 1/3 of recovered funds.

Total funds available to unsecured claims     $165,542.00

Total unsecured claims scheduled or

based on current claims     $635,212.00


Resulting in a 26% dividend for unsecured claims based upon current claim amounts but those amounts will likely be impacted by an amended claim of the SBA based upon a penalty provision within the EIDL agreement whereby a misuse of funds results in a penalty being assessed equal to 1.5 times the loan disbursement amount or in this instance $750,000.00 this will raise the total unsecured debt to $1,385,212.00. **This change results in a 12% dividend being available to unsecured claims. It is the Debtor's position that this is the outcome MOST FAVORABLE to unsecured claims but not most likely.**